**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**CELLSPIN SOFT, INC.,**

Plaintiff

v.

**SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V.,**

Defendant

**Case No. 2:25-CV-00949-JRG-RSP**

**JURY TRIAL DEMANDED**

**PLAINTIFF CELLSPIN SOFT, INC.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I. Introduction ........ 1
II. The Six Incorporated Claim Charts Are Part of the Pleading that Render Infringement Plausible ........ 1
III. Defendants' New Corporate Separateness Authorities Do Not Require Dismissal ........ 2
IV. Defendants Mischaracterize the Complaint Regarding DJI Technology Inc. ........ 4
V. Defendants' New App Store and "Outside the Pleadings" Arguments Do Not Warrant Dismissal ........ 5
VI. Defendants' "Who Performs the Steps" Argument Does Not Warrant Dismissal ........ 7
VII. Defendants' Attempt to Discount Plaintiff's Authorities is Misplaced ........ 8
VIII. Conclusion ........ 8

## I. INTRODUCTION

Defendants' Reply raises new authorities and factual assertions not presented in the opening Motion, including Texas corporate separateness cases and arguments about Apple's Developer Program and App Store designations. The Complaint incorporates **six** detailed claim charts spanning hundreds of pages that identify specific accused products, pairing, authentication protocols, encryption and data upload functionality. Under Rule 10(c) of the Federal Rule of Civil Procedure, those exhibits are part of the pleading.

**Importantly, Defendants identify NOT ONE SINGLE Rule 8 deficiency**, but instead attempt to pivot to impose a summary-judgment evidentiary burden at the Rule 12 stage. The Motion should be denied.

## II. THE SIX INCORPORATED CLAIM CHARTS ARE PART OF THE PLEADING THAT RENDER INFRINGEMENT PLAUSIBLE

Defendants characterize the Complaint as "conclusory" and lacking defendant-specific allegations. That assertion ignores the **six detailed claim charts** (Exs. D–I) attached to and incorporated into the Complaint. Rule 10(c) provides that an exhibit to a pleading is "part of the pleading for all purposes." The claim charts are therefore properly considered on this Rule 12(b)(6) motion. Until Defendants indicate which one of them does what in terms of importation or production or offering the accused instrumentalities for sale in the United States, it would be

premature to dismiss at this stage due to knowledge in the possession of the two Defendants, not the Plaintiff.

The exemplary infringement charts served with the Complaint identify: (i) Specific Accused DJI products; (ii) Wireless authentication mechanisms such as WPA2 four-way handshake and Bluetooth Secure Simple Pairing; (iii) Encryption and key exchange protocols; (iv) QuickTransfer functionality; and (v) Defendants as making, using, selling, and offering to sell the accused wireless-enabled devices and applications. **This level of technical specificity exceeds what Rule 8 requires**. See *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). The reply does not adequately address these hundreds of pages of incorporated claim charts. (Exs. D–I). These detailed claim charts foreclose dismissal on the ground that the Complaint is merely conclusory.

## III. DEFENDANTS' NEW CORPORATE SEPARATENESS AUTHORITIES DO NOT REQUIRE DISMISSAL

In response, Defendants now rely on Texas case law involving corporate separateness to argue that the Plaintiff must plead veil-piercing or a "single business enterprise" theory. That reframes the Complaint. Plaintiff does not seek to disregard corporate separateness. Rather, Plaintiff alleges that each named Defendant engaged in or is responsible for conduct connected to the accused products and applications, including manufacture, distribution, importation, sale, and inducement through

application-based functionality and instructions. Texas veil-piercing authorities do **not** impose a heightened pleading requirement in federal patent cases. The Rule 12 inquiry is whether Plaintiff plausibly alleges infringing conduct by the named Defendants, not whether Plaintiff has proven the internal allocation of corporate responsibilities among affiliated entities. The Complaint alleges that the named Defendants participate in the global manufacture and distribution of the accused products and supply those products and applications into U.S. channels. Allocation of internal corporate roles is a matter for discovery, not a pleading prerequisite.

Further, Defendants' **own** mandatory corporate disclosure (Dkt. 8) identifies the parent **iFlight** relationship within the DJI structure. That judicial disclosure confirms corporate affiliation among the DJI entities and makes coordinated manufacture and distribution plausible at the pleading stage. Plaintiff does not seek veil piercing; rather, the disclosed parent relationship forecloses dismissal on the premise that Plaintiff has alleged two unrelated foreign actors. Defendants' reliance on *DW Volbleu, LLC v. Honda Aircraft Co., LLC*, No. 4:21-CV-637, 2024 WL 169569, at *4 (E.D. Tex. Jan. 16, 2024) is misplaced here and is not controlling. The *DW Volbleu* case involved a court ruling on the plaintiff's motion to file a delated third amended complaint. *Id.* And there was just one defendant, Honda Aircraft Company, LLC, when the Court issued its order. Also, the court converted the

motion to dismiss into a motion for summary judgment and allowed for targeted discovery, while staying the remainder to the case. *Id.* *1.

Unlike in *DW Volbleu*, here the Complaint expressly alleges patent infringement against SZ DJI Technology Co., Ltd., the defendant that imports and sells accused products into the United States and also, DJI Europe B.V., the defendant that appears to supply those products into channels that reach the United States. Again, the Complaint incorporates detailed claim charts mapping the accused functionality. That is sufficient to satisfy Rule 8 at the pleading stage.

## IV. DEFENDANTS MISCHARACTERIZE THE COMPLAINT REGARDING DJI TECHNOLOGY INC.

Defendants contend that the Complaint "treats DJI U.S. (DJI Technology Inc.) as performing distinct U.S. acts" and therefore undermines Plaintiff's claims against the named foreign Defendants. That is incorrect. The Complaint does **not** allege that DJI Technology Inc. is the sole or exclusive infringer, nor does it disclaim responsibility by SZ DJI Technology Co., Ltd. or DJI Europe B.V. To the contrary, the Complaint expressly alleges that SZ DJI Technology Co., Ltd. "imports and sells the accused products directly into the United States" and conducts substantial U.S.-directed commercial activity (Compl. ¶ 4), and that DJI Europe B.V. supplies accused products into U.S. distribution channels (Compl. ¶ 5 ("DJI Europe B.V.

handles global distribution of DJI products, including supplying the accused products to the United States through DJI Technology Inc.”)).

Those are direct allegations of domestic conduct by the named Defendants themselves. References to sales occurring “through its corporate-owned offices and wholly owned subsidiaries in the United States that it directs and controls” describe corporate structure and distribution channels, **not** an admission that only a non-party committed acts. Nothing in the Complaint states or implies that DJI Technology Inc. alone is responsible for U.S. sales, importation, or promotional conduct.

Also, Rule 8 does not require Plaintiff to plead the internal allocation of responsibilities among affiliates at the pleading stage. The Complaint plausibly alleges that the named Defendants manufacture, distribute, import, sell, and promote the accused products and applications in the United States, whether directly or through channels they direct and control. The precise allocation of affiliate roles is a matter for discovery. Defendants’ “wrong defendant” theory misreads the Complaint and does not negate the direct allegations of U.S.-connected conduct.

## V. DEFENDANTS’ NEW APP STORE AND “OUTSIDE THE PLEADINGS” ARGUMENTS DO NOT WARRANT DISMISSAL

Defendants argue that Apple’s App Store “seller name” merely reflects enrollment in Apple’s Developer Program and does not establish infringing conduct. That factual contention was not raised in the opening Motion and does not defeat

plausibility at this stage. Plaintiff does not rely on App Store designations in isolation. **The incorporated six claim charts identify the accused DJI Fly and DJI Mimo applications, their integration with hardware and firmware,** DJI documentation explaining wireless pairing and transfer workflows, and DJI Trust Center and **privacy** materials describing data architecture**.**

Defendants' assertion that Plaintiff "attaches exhibits outside the pleadings" mischaracterizes the procedural posture. The Complaint itself alleges coordinated conduct, importation, distribution, and direction of U.S. operations by the named Defendants. The materials cited in Plaintiff's Opposition, including Defendants' Privacy Policy and webpages, are not new theories but documents confirming the allegations already pleaded. In any event, courts may consider documents referenced in or central to a complaint when evaluating plausibility under Rule 12(b)(6). Plaintiff does not seek to collapse corporate separateness based on branding alone; rather, the Privacy Policy's collective definition of "DJI" is cited to rebut Defendants' assertion that collective references are inherently improper at the pleading stage. The App Store listings are cited as context showing the accused applications are distributed to U.S. users and integrated into the claimed system. Whether Apple's developer program imposes certain contractual formalities is a merits issue. **At the pleading stage, the relevant question is plausibility**. The

Complaint plausibly alleges that Defendants distribute, control, and promote the accused applications in connection with the accused workflow.

## VI. DEFENDANTS' "WHO PERFORMS THE STEPS" ARGUMENT DOES NOT WARRANT DISMISSAL

Defendants argue that end users perform the claimed methods. The Complaint alleges that Defendants market, demonstrate, test, and support the accused products in the United States through field-based operations and product demonstrations. (Compl. ¶¶ 12–13.) To the extent Defendants' employees perform the claimed method during demonstrations, testing, or sales support, such conduct constitutes direct infringement. In any event, the Complaint and incorporated claim charts plausibly allege that Defendants design and control the accused system and its operation, supporting direct and induced infringement. The charts further identify user manuals, pairing instructions, QuickTransfer functionality, and application prompts instructing users to perform the accused workflow. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018).

The Complaint further alleges notice and continued post-notice sales, supporting knowledge and intent. Defendants' step-performance arguments go to the merits, not Rule 8 plausibility. To the extent Defendants argue the accused devices have other functionality, that conflates the overall product with the specifically

accused wireless transfer function identified in the claim charts. Contributory infringement focuses on whether the accused feature itself has substantial non-infringing uses. Whether alternative uses exist is a **fact** question inappropriate for Rule 12.

## VII. DEFENDANTS' ATTEMPT TO DISCOUNT PLAINTIFF'S AUTHORITIES IS MISPLACED

Defendants argue that Plaintiff's cited authorities are distinguishable. Even assuming factual differences, the governing principle remains: Rule 8 does not require evidentiary proof or internal corporate allocation at the pleading stage. The Complaint and its incorporated claim charts identify specific accused products, technical mechanisms, and application-based workflows. That exceeds the pleading threshold recognized in *Disc Disease* and related Federal Circuit precedent. Defendants identify no authority requiring dismissal of a complaint that incorporates detailed claim charts identifying accused products and functionality.

## VIII. CONCLUSION

Defendants' Reply does not demonstrate a Rule 8 deficiency. The Complaint, including its six detailed claim chart exhibits, plausibly states claims for infringement by the named Defendants. **The Motion to Dismiss should be denied.**

Dated: March 09, 2026

Respectfully submitted,

*/s/ Randall Garteiser*

Randall Garteiser
Texas Bar No. 24038912
California Bar No. 239829
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
California Bar No. 232473
chonea@ghiplaw.com
M. Scott Fuller
Texas Bar No. 24036607
Georgia Bar No. 100968
sfuller@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record in this case via electronic mail via this Court's CM/ECF system on this time-stamped date.

*/s/ Randall Garteiser*

Randall Garteiser