**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

CELLSPIN SOFT, INC.,        §
         *Plaintiff,*       §
                        §
v.                              §
                             §      CASE NO. 2:25-CV-00949-JRG-RSP
SZ DJI TECHNOLOGY CO., LTD. *and*   §
DJI EUROPE B.V.,             §
         *Defendants*.      §

## ORDER

Before the Court is Defendants' Motion to Stay. **Dkt. No. 21**. When evaluating a motion to stay, courts in this district consider (1) "whether the stay will likely result in simplifying the case before the court," (2) "whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set," and (3) "whether the stay will unduly prejudice the nonmoving party." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). The first factor is "the most important." *Uniloc USA, Inc. v. Acronis, Inc.*, No. 6:15-CV-1001, 2017 WL 2899690, at *3 (E.D. Tex. Feb. 9, 2017) (citations omitted). The basis for the Motion is simple: this case involves three patents, the PTAB has instituted IPR on two of them (the '121 and '766 Patents), and an EPR has been requested on the remaining one (the '806 Patent). Dkt. No. 21 at 1.

"It has been this Court's consistent and long established practice to deny motions to stay pending IPR and EPR when the PTAB or PTO have instituted review on less than all asserted claims of all asserted patents because at least one or more originally asserted claims will be unaffected by the outcome of those parallel proceedings and left intact before this Court to be tried." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-359, 2021 WL 465424, at *2 (E.D.

Tex. Feb. 9, 2021) (citations omitted); *see also Estech Sys. IP, LLC v. Mitel Networks, Inc.*, No. 2:21-CV-473, 2023 WL 8003872, at *2 (E.D. Tex. July 24, 2023) (citations omitted).

Although this case is at an early stage, trial has already been set for August 16, 2027, and discovery is underway. Dkt. No. 16 at 1, 4. Moreover, the EPR on the '806 Patent has not been instituted yet, there is no statutory deadline, it does not carry the estoppel provisions that the IPR process does, and only about 13% of EPRs result in cancellation of all challenged claims. U.S. Pat. & Trademark Off., Ex Parte Reexamination Filing Data – September 30, 2023, p. 2 (2023). Additionally, not counting any appeals and assuming no extension, the final written decisions in the instituted IPRs are not due until mid-April of 2027, and any arguments made in it will carry little estoppel value considering the complicated posture of the IPRs and that Defendants are not party to them. In sum, little if any simplification will result from a stay. Finally, delay in vindication of patent rights is inherently prejudicial to any plaintiff, *Broadphone LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-CV-1, 2024 WL 3524022, at *3 (E.D. Tex. July 24, 2024), and especially so here where Plaintiff has shown that it would result in degradation of critical technical evidence and Defendants continue to shrink their U.S. operations risking later recovery. Dkt. No. 25 at 12–14. Accordingly, the Court finds that the Motion should be and hereby is **DENIED**.

**SIGNED this 18th day of May, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

2