**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CELLSPIN SOFT, INC.,**<br><br>Plaintiff<br><br>v.<br><br>**SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V.,**<br><br>Defendants | **Case No. 2:25-cv-00949-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CELLSPIN SOFT, INC.'S SECOND MOTION TO COMPEL DJI'S OUTSTANDING NONTECHNICAL DISCOVERY AND COMPLIANCE WITH THE COURT'S DISCOVERY ORDER**

Plaintiff Cellspin Soft, Inc. ("Cellspin") moves under Fed. R. Civ. P. 26, 34, and 37 and the Court's Discovery Order (Dkt. 22), to compel Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI") to address and produce the *nontechnical* discovery identified in Cellspin's July 17, 2026 deficiency statement. Cellspin moves on all 134 numbered deficiencies. This motion is **separate** from Dkt. 29, which concerns *technical* discovery; DJI's current opposition deadline on Dkt. 29 is September 28, 2026. Dkts. 31, 34.

## I. INTRODUCTION

Cellspin's July 17 letter identified 134 missing *nontechnical* categories organized **into 28 subject groups**, A through AB. The categories address different issues: infringement and importation; the roles of DJI China, DJI Europe, and U.S.-facing entities; U.S. sales and damages; FCC/Ninth Circuit business analyses; custodians and preservation; PTO and reexamination activity; licenses and prior damages positions; corporate and intercompany revenue flows; cloud and application commercial control; and third-party U.S.-market relationships including Anzu, Microsoft/Azure, AWS, Aloft, Axon, dealers, and SDK/API partners. The letter expressly excluded the separate technical deficiencies,

requested production by August 21, and asked DJI to identify Bates ranges or specifically state what it would not produce and why.

On September 1, the parties conferred by telephone specifically about the July 17 nontechnical deficiencies. DJI represented that it would make the outstanding nontechnical production within two weeks. That period expired September 15. DJI has not provided the promised substantive production identified to the July 17 categories, a Bates-range accounting, or a category-by-category statement of what it will not produce and why. Cellspin therefore seeks an order requiring DJI to address every numbered deficiency and complete responsive, nonprivileged production on a date certain.

## II. BACKGROUND AND THE 134 IDENTIFIED DEFICIENCIES

The Discovery Order requires each party, "[w]ithout awaiting a discovery request," to produce relevant documents and ESI within its possession, custody, or control, requires immediate supplementation of incomplete disclosures, and after a deficiency statement and conference requires the responding party to identify within 14 days "the requested items that will be disclosed" and "the reasons why any requested items will not be disclosed." Dkt. 22 ¶¶ 3(b), 8, 9(a). The July 17 letter was a deficiency statement under that process, not 134 new Rule 34 requests created by correspondence. Cellspin moves on all 134 deficiencies because the subjects are distinct and bear on different claims, defenses, damages issues, parties, and sources of evidence.

| Group | Subject / Request Nos. | Group | Subject / Request Nos. |
|---|---|---|---|
| **A** | U.S. sales, revenue, importation, distribution (Nos. 1-11) | **O** | Cloud / data / platform (Nos. 93-96) |
| **B** | FCC / Ninth Circuit / U.S. restrictions (Nos. 12-20) | **P** | Apps, accounts, commercial control (Nos. 97-98) |
| **C** | U.S. footprint, assets, operations (Nos. 21-26) | **Q** | Intercompany revenue (Nos. 99-100) |
| **D** | Custodians, preservation, retention (Nos. 27-30) | **R** | Regulatory / U.S. market planning (Nos. 101-102) |
| **E** | PTO, ex parte, IPR, third-party coordination (Nos. 31-40) | **S** | Texas / U.S. presence (Nos. 103-104) |
| **F** | Licenses, damages, financial data (Nos. 41-48) | **T** | Prior damages positions (Nos. 105-107) |
| **G** | Prior litigation / Textron (Nos. 49-53) | **U** | Anzu Robotics / U.S. continuity (Nos. 108-115) |

| | | | |
|---|---|---|---|
| **H** | Indemnity, collectability (Nos. 54-59) | **V** | Microsoft / Azure (Nos. 116-117) |
| **I** | Litigation and public statements (Nos. 60-62) | **W** | AWS / FlightHub (Nos. 118-120) |
| **J** | Burden, production, foreign restrictions (Nos. 63-67) | **X** | Aloft / SDK partners (Nos. 121-124) |
| **K** | Government communications, authorizations, customers (Nos. 68-71) | **Y** | Axon Air / law enforcement (Nos. 125-128) |
| **L** | Scope, delay, avoidance (Nos. 72-76) | **Z** | Dealers / distributors (Nos. 129-131) |
| **M** | Standing, ownership, Cellspin investigations (Nos. 77-82) | **AA** | SDK / API integrations (Nos. 132-133) |
| **N** | Control, restrictions, DJI Europe B.V. (Nos. 83-92) | **AB** | Channel sales of accused functionality (No. 134) |

On August 31, Cellspin confirmed in writing that the September 1 conference would address these nontechnical deficiencies, not the technical production at issue in Dkt. 29, and would cover what had been produced, what remained outstanding, what DJI would not produce and why, whether documents were being withheld under objections, and dates certain for completion. *DJI instead promised production within two weeks*. Separately, DJI sought and obtained extensions to oppose Dkt. 29 so that it could continue reviewing and producing technical materials. Dkts. 30-34. Those filings confirm that Dkt. 29 concerns a distinct technical-discovery track.

On September 17, the Court recommended denial of DJI's Rule 12(b)(6) motion in full. Dkt. 35. As relevant here, the Court held that allegations that DJI China and DJI Europe supply and import accused products into the United States, including through DJI U.S., sufficiently state direct infringement. Dkt. 35 at 6-7. The *nontechnical* records concerning U.S. importation, distribution, entity roles, revenue recognition, and U.S.-facing operations therefore bear directly on issues DJI itself placed in dispute.

## III. ARGUMENT

### A. DJI must address each identified deficiency under the Discovery Order.

Rule 26(b)(1) permits discovery of nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Rule 34 requires specific objections and disclosure whether

responsive material is being withheld. Fed. R. Civ. P. 34(b)(2)(B)-(C). An evasive or incomplete response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). Paragraph 9(a) likewise requires DJI, after the deficiency process, to identify what will be disclosed and the reasons requested items will not be disclosed. Dkt. 22 ¶ 9(a).

DJI has not done so. It has not identified, number by number, which deficiencies it considers satisfied, the Bates ranges that satisfy them, what additional material will be produced and when, what is being withheld, or the specific basis for nondisclosure. DJI cannot convert a detailed deficiency process into an indefinite rolling production with no endpoint and no accounting. If DJI contends a category is irrelevant, disproportionate, privileged, restricted by another court's order, already produced, or unsupported by responsive documents after a reasonable search, it should say so for that category. Silence is not compliance.

**B. The 28 groups concern distinct merits, damages, defense, and discovery issues; they are not duplicative versions of one request.**

The groups serve different functions. Groups A, C, N, Q, S, Z, AA, and AB concern U.S. importation, sales, distribution, corporate attribution, intercompany revenue, Texas/U.S. conduct, and the channels through which accused functionality reaches U.S. customers. Groups B, F, G, H, K, R, and T concern DJI's own U.S.-business analyses, licenses, valuation, prior damages positions, financial responsibility, customer impact, and the damages record. Groups D, E, I, J, L, and M concern custodians, preservation, PTO/reexamination coordination, the factual bases for DJI's positions, asserted discovery burdens, and standing/ownership investigations. Groups O, P, U, V, W, X, and Y concern cloud and application commercial control and specific third-party relationships through which DJI technology, services, licensing, or U.S.-market activity may continue. Cellspin is not asking the Court to collapse those subjects into a few selected buckets; it seeks DJI's response to each numbered deficiency.

The Anzu requests illustrate why the third-party categories cannot simply be discarded as peripheral. Nos. 108-115 seek the nature of any *DJI-Anzu licensing* or technology-sharing relationship, payments and revenue, DJI technology or product platforms supplied, participating DJI entities, and DJI's possession or control of responsive records. In DA 26-832, released August 10, 2026, the FCC stated that public sources suggest Anzu devices are produced under a technology-sharing or licensing agreement with an entity named in FY2025 NDAA § 1709 and sought comment on restricting continued importation and marketing of specified Anzu equipment. The FCC has not determined that DJI controls Anzu; the proceeding supplies a concrete, non-speculative basis for discovery into the actual relationship.

**C. DJI's unfulfilled September 1 commitment confirms impasse and warrants a date-certain order.**

Cellspin did not move immediately after the July 17 letter. It waited through the August 21 requested production date, conferred on September 1, and accepted DJI's representation that the outstanding nontechnical production would follow within two weeks. September 15 passed without the promised production or Paragraph 9(a) accounting. The extensions on Dkt. 29 concern a separate technical motion and did not extend this commitment. Cellspin now needs the complete nontechnical record for infringement and corporate-attribution discovery, damages and expert work, evaluation of DJI's defenses, and focused follow-up discovery. Another open-ended promise to produce later is not an adequate remedy.

**IV. RELIEF REQUESTED**

Cellspin respectfully requests an Order requiring DJI to:

**1.** Within seven days, serve a written response addressing each July 17 deficiency, Nos. 1-134, organized under Groups A-AB, identifying: (a) responsive Bates ranges already produced; (b) additional responsive material to be produced and a date certain; (c) any material being withheld;

(d) the specific objection or other basis for nondisclosure; or (e) if applicable, that after a reasonable search no responsive nonprivileged documents exist;

**2.** Within fourteen days, substantially complete production of responsive, relevant, proportional, nonprivileged documents for Nos. 1-134, including documents within DJI's possession, custody, or control, without limiting production to selected subject groups;

**3.** For any category DJI contends is limited by privilege, foreign law, confidentiality, or another court's protective order, identify the asserted limitation with specificity and state the extent to which responsive material is being withheld;

**4.** For any category that cannot reasonably be completed within fourteen days, provide a specific explanation and a date-certain completion schedule rather than an open-ended rolling-production commitment; and

**5.** Award Cellspin its reasonable expenses and attorneys' fees under Fed. R. Civ. P. 37(a)(5), or reserve the issue pending DJI's compliance, and grant such other relief as appropriate.

Respectfully Submitted,

/s/ Randall Garteiser
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, the foregoing document was filed electronically through the Court's CM/ECF system and served on all counsel of record who are deemed to have consented to electronic service.

/s/ *Randall Garteiser*
Randall Garteiser

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h)–(i) and Paragraph 9(c) of the Discovery Order, counsel conferred by telephone on September 1, 2026 regarding the July 17 nontechnical deficiencies. Randall Garteiser participated for Cellspin and Thomas W. Yeh for DJI. DJI stated it would make the outstanding production within two weeks. That period expired without the promised production or category-by-category accounting. The parties remain at impasse. This Motion is opposed.

/s/ *Randall Garteiser*
Randall Garteiser