GARTEISER HONEA

119 W Ferguson St, Tyler, TX 75702
888-908-4400 (main phone and fax)
415-568-0553 (cell)
rgarteiser@ghiplaw.com

***Re: Cellspin Soft, Inc. v. SZ DJI Technology Co., Ltd. and DJI Europe B.V., Civil Action No. 2:25-cv-00949-JRG-RSP***

***July 17, 2026, Cellspin's Second Discovery Deficiency Letter***

Counsel:

Cellspin writes further regarding DJI's document production deficiencies. As you know, Cellspin recently identified deficiencies concerning DJI's technical production, including documents relating to the accused products and accused functionality. This letter does not repeat those technical deficiencies. Instead, it identifies additional non-technical categories of documents that appear to be missing from DJI's production, including documents concerning U.S. sales, importation, revenues, **FCC/Ninth Circuit proceedings**, regulatory restrictions, corporate control, damages, comparable licenses, prior DJI litigations, PTO coordination, preservation, and DJI's defenses.

Please confirm that DJI will produce nonprivileged responsive documents in the categories identified below by **August 21, 2026**. To the extent DJI contends it has already produced responsive documents, please identify the relevant Bates ranges. To the extent DJI objects to any category, please identify the specific basis for the objection so the parties can meet and confer efficiently.

**A. U.S. Sales / Revenue / Importation / Distribution**

1. Documents sufficient to show DJI's U.S. sales, revenues, units sold, gross revenue, net revenue, average selling prices, discounts, returns, and profit margins for each accused DJI product sold, offered for sale, imported, distributed, serviced, or supported in the United States.

24. Documents sufficient to show DJI's U.S. market share, U.S. sales projections, U.S. demand forecasts, U.S. customer demand, U.S. pricing strategy, and U.S. competitive analyses for accused products and related DJI products.

25. Documents sufficient to show DJI's U.S. revenue and profit projections for accused products and related products for 2024, 2025, 2026, and 2027.

26. Documents sufficient to show any DJI financial statements, management reports, board presentations, investor presentations, regulatory submissions, or internal analyses discussing U.S. sales, U.S. revenue, U.S. product launches, U.S. restrictions, U.S. regulatory risk, or U.S. business impact.

**D. Custodians / Preservation / Document Retention**

27. Documents sufficient to show the identity and location of DJI custodians likely to possess documents relevant to U.S. sales, importation, distribution, regulatory restrictions, FCC/Ninth Circuit filings, damages, and the accused products.

28. Documents and communications concerning preservation of DJI documents, communications, financial records, sales data, importation records, regulatory records, and product-launch records relevant to this litigation.

29. Documents sufficient to show DJI's document-retention policies, litigation-hold notices, preservation steps, custodian identification, and preservation of U.S.-related records relevant to this case.

30. Documents and communications concerning any destruction, deletion, relocation, archiving, transfer, loss, or unavailability of documents, communications, financial data, sales data, import records, product-launch records, or U.S.-related business records relevant to accused products or DJI's U.S. business.

**E. PTO / Ex Parte / IPR / Third-Party Coordination**

31. Documents and communications concerning any actual, contemplated, or potential ex parte reexamination request, inter partes review, post-grant proceeding, prior-art

GARTEISER HONEA

providers, mapping providers, evidence-management platforms, or data-management platforms.

**AB. Channel-Specific Sales for Accused Functionality**

134. Documents sufficient to show U.S. sales, inventory, units, revenue, customer categories, end-customer information, and channel-specific sales through DJI's authorized dealers, distributors, resellers, retailers, service centers, repair centers, training providers, and enterprise partners for products with Bluetooth, Wi-Fi, wireless transfer, automatic upload, media-transfer, cloud-upload, or mobile-application transfer functionality from 2019 to present.

R Garteiser
Randall Garteiser

Served Via email to the following opposing counsel:

| | |
|---|---|
| Melissa Smith | ***melissa@gillamsmithlaw.com*** |
| Thomas W. Yeh | ***tyeh@cgsh.com*** |
| Clement Naples | ***cnaples@cgsh.com*** |
| Steven Peters | ***speters@cgsh.com*** |
| Jasmine Zhu | ***jazhu@cgsh.com*** |