**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SZ DJI TECHNOLOGY CO., LTD.,<br>DJI EUROPE, B.V.<br><br>Defendants. | Case No. 2:25-CV-00949-JRG-RSP<br>JURY TRIAL DEMANDED |

**DJI CHINA AND DJI EUROPE'S OBJECTIONS TO THE SEPTEMBER 17, 2026 REPORT AND RECOMMENDATION REGARDING THEIR MOTION TO DISMISS**

## I. Introduction

SZ DJI Technology Co., Ltd. ("DJI China") and DJI Europe B.V. ("DJI Europe") respectfully submit these objections to the September 17, 2026 Report and Recommendation ("R&R," Dkt. No. 35), which recommends denial of the Motion to Dismiss ("Motion," Dkt. No. 7). As set forth below, DJI China and DJI Europe object to the R&R's conclusions regarding (1) the sufficiency of Cellspin's collective pleading, (2) direct infringement, (3) induced infringement, and (4) contributory infringement, and respectfully request that the Court conduct de novo review and dismiss Cellspin's claims.

## II. Legal Standard

When a party timely objects to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

## III. Objections

### A. Objection 1: Cellspin's Collective Allegations Fail To Provide Adequate Notice

The R&R concluded that the Complaint's collective references to "DJI" and "Defendants" afford "fair notice of the claims and the grounds supporting them." R&R at 5-6. DJI China and DJI Europe respectfully submit that the Complaint's failure to distinguish between them "make[s] it impossible to determine which actions were committed by each Defendant" and constitutes an improper shotgun pleading. *DW Volbleu, LLC v. Honda Aircraft Co., LLC*, No. 4:21-CV-637, 2024 WL 169569, at *4 (E.D. Tex. Jan. 16, 2024). Because the R&R did not address the Motion's showing that Cellspin's group allegations are "impermissibl[e]" under this Court's precedent, *see Rowland v.*

*Southwestern Correctional, LLC*, No. 4:20-CV-00847, 2021 WL 4206409, at *13 (E.D. Tex. Aug. 17, 2021), this issue warrants de novo review.

**B. Objection 2: The Complaint Fails To State A Claim For Direct Infringement**

To adequately plead direct infringement, Cellspin must plausibly allege facts that DJI China and DJI Europe have committed acts of direct infringement ***in the U.S.*** 35 U.S.C. § 271(a); *NTP, Inc. v. Rsch. in Motion, Ltd.*, 418 F.3d 1282, 1313 (Fed. Cir. 2005) ("Section 271(a) is only actionable against patent infringement that occurs within the United States"). The Complaint's only factual allegations about U.S. activities are attributed to ***non-party*** DJI U.S., a California company. Cellspin alleges that DJI U.S. "markets and sells the accused products through its website . . . and authorized retailers (e.g., Best Buy, Amazon) in the United States." Compl. ¶ 6. Cellspin then attempts to attribute these acts to the named defendants through conclusory assertions that DJI China "directs and controls" DJI U.S. or that the entities form a "joint business enterprise." *Id.* But such conclusory allegations are insufficient to attribute the acts of one corporation to another. *See Taylor v. Tai-Ao Aluminum USA, Inc.*, No. 6:08-CV-77, 2009 WL 10677717, at *2 (E.D. Tex. Jan. 29, 2009) (dismissing claims where "the plaintiff failed to allege facts that, if proved, would permit a court to impose liability on the defendant for the acts of its parent or subsidiary"). Because the R&R did not address the absence of a plausible attribution theory, this claim warrants de novo review.

**C. Objection 3: The Complaint Fails To State A Claim For Induced Infringement**

The R&R found the induced-infringement claim adequately pled based on allegations of willful blindness and a 2025 notice letter, reasoning that "[i]f Defendants direct and control DJI US, as Plaintiff alleges, one could reasonably infer the foreign entities knew they were infringing and specifically intended DJI US to do the same." R&R at 7. DJI China and DJI Europe respectfully submit this analysis conflates knowledge with specific intent. Induced infringement requires that "the defendant knew of the patent *and* that the induced acts constitute patent infringement," *Commil USA,*

*LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015), and specific intent "as distinguished from mere knowledge," *Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-CV-38-JRG, 2014 WL 894805, at *5 (E.D. Tex. Mar. 4, 2014).

The Complaint pleads no facts showing that DJI China or DJI Europe specifically intended for any third party to infringe. A complaint must "contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents." *Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 6:13-CV-307-MHS-JDL, 2014 WL 10291478, at *2 (E.D. Tex. Feb. 7, 2014). The R&R's inference of intent rests on the same "direct and control" theory that lacks factual support. Because the R&R did not separately analyze the specific-intent element, this claim merits de novo review.

**D. Objection 4: The Complaint Fails To State A Claim For Contributory Infringement**

The R&R found the contributory-infringement claim adequately pled because the accused DJI Fly and DJI Mimo applications are "designed or tailored for the DJI products accused of infringing the asserted patents," which "gives rise to a reasonable expectation that discovery will reveal these apps are especially adapted for infringing use." R&R at 7. DJI China and DJI Europe respectfully submit that an allegation an application is "designed for" certain products shows only that it is adapted to those products—not that it lacks substantial non-infringing uses.

For each count, Cellspin does no more than allege that "DJI . . . sell[s] and offer[s] to sell" the accused products "knowing they are adapted for infringing use and lack substantial non-infringing use." Compl. ¶¶ 47, 61, 75. This is a "[t]hreadbare recital[] of the elements of a [contributory infringement claim]," and "[i]t is well-settled" in this Court that such recitals "do not suffice." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015). The accused drones, cameras, and mobile apps plainly have substantial uses beyond the Bluetooth- and Wi-Fi-based transfer functionality alleged to give rise to infringement.

Because the R&R did not address the no-substantial-non-infringing-use element, this claim also warrants de novo review.

## IV. Conclusion

For these reasons, and on de novo review of the objected-to portions of the R&R, DJI China and DJI Europe respectfully request that the Court decline to adopt the recommendation of denial and dismiss Cellspin's claims for direct, induced, and contributory infringement.

Dated: September 28, 2026

Respectfully submitted,

GILLAM & SMITH LLP

*/s/ Melissa R. Smith*

Melissa R. Smith
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Clement Naples
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
cnaples@cgsh.com
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

Thomas W. Yeh
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108
tyeh@cgsh.com
Telephone: (415) 796-4400
Facsimile: (415) 796-4499

Steven Peters
Jasmine Zhu
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, N.W.
Washington, DC 20037
speters@cgsh.com

jazhu@cgsh.com
Telephone: (202) 974-1500
Facsimile: (202) 974-1999

*Counsel for Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 28, 2026.

*/s/ Melissa R. Smith*
Melissa R. Smith