**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V.,<br><br>Defendants. | Case No. 2:25-cv-00949-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V. TO THE COMPLAINT OF <u>CELLSPIN SOFT, INC.</u>**

Defendants SZ DJI Technology Co., Ltd. ("DJI China") and DJI Europe B.V. ("DJI Europe") respectfully submit their Answer in response to Plaintiff Cellspin Soft, Inc.'s ("Plaintiff" or "Cellspin") Original Complaint for Patent Infringement ("Complaint"), as well as counterclaims in response. To the extent not specifically admitted herein, the allegations of the Complaint are denied, including any allegations contained in the headings of the Complaint. DJI China and DJI Europe also reserve the right to take further positions and raise additional defenses and counterclaims that may become apparent as a result of additional information discovered subsequent to filing this Answer.

**<u>RESPONSES TO SPECIFIC ALLEGATIONS OF COMPLAINT</u>**

1. DJI China and DJI Europe admit that the Complaint purports to assert claims of infringement of U.S. Patent No. 9,900,766 ("the '766 Patent"), U.S. Patent No. 10,425,806 ("the '806 Patent"), and U.S. Patent No. 11,234,121 ("the '121 Patent") (collectively, the "Asserted

Patents") against DJI China and DJI Europe. DJI China and DJI Europe specifically deny that they have committed any acts of infringement and deny that there is any legal or factual basis for such claims. DJI China and DJI Europe deny any remaining allegations in Paragraph 1 of the Complaint.

**NATURE OF THE ACTION[1]**

2. Paragraph 2 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe admit that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., but deny that there is any legal or factual basis for such action, deny that they have committed any acts of infringement, and deny that Plaintiff is entitled to damages, injunctive relief, or any other relief. DJI China and DJI Europe further deny Plaintiff's characterization of the Asserted Patents and otherwise deny the allegations in Paragraph 2 of the Complaint.

**THE PARTIES**

3. DJI China and DJI Europe are without knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint and, on that basis, deny them.

4. DJI China admits that it is a company organized and existing under the laws of the People's Republic of China. DJI China and DJI Europe otherwise deny the allegations in Paragraph 4 of the Complaint.

5. DJI Europe admits that it is a company organized and existing under the laws of the Netherlands. DJI China and DJI Europe otherwise deny the allegations in Paragraph 5 of the Complaint.

---

[1] For clarity and ease of reference, DJI repeats the section headers recited in Plaintiff's Complaint. To the extent any section header is construed as a factual allegation, DJI denies any and all such allegations.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent Paragraph 6 contains allegations directed to non-party DJI Technology Inc., no answer is required from DJI China or DJI Europe. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 6 of the Complaint.

7. DJI China admits that it designs certain camera and drone products. DJI China and DJI Europe deny that any such products infringe any valid and enforceable claim of the Asserted Patents. To the extent Paragraph 7 contains allegations directed to non-party DJI Technology Inc., no answer is required; to the extent an answer is required, DJI China and DJI Europe are without knowledge or information sufficient to admit or deny such allegations and, on that basis, deny them. DJI China and DJI Europe otherwise deny the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 are irrelevant to Plaintiff's claims of patent infringement, and no answer is required. To the extent an answer is required, DJI China and DJI Europe state that any government actions, statutes, or public documents referenced in Paragraph 8 speak for themselves and expressly deny Plaintiff's characterization of them. DJI China and DJI Europe otherwise deny the allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. DJI China and DJI Europe incorporate each of their responses to Paragraphs 1–8 as though fully set forth herein.

10. Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe admit that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but deny that there is any legal or factual basis for such action.

11. Paragraph 11 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe do not contest, for purposes of this action only, that this Court has personal jurisdiction over them. DJI China and DJI Europe deny that they have committed any acts of infringement in this District or elsewhere and otherwise deny the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe do not contest, for purposes of this action only, personal jurisdiction or venue under 28 U.S.C. § 1391(c)(3) in this District, but deny that this District is the most convenient forum. DJI China and DJI Europe deny that they have committed any acts of infringement and otherwise deny the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe do not contest, for purposes of this action only, venue under 28 U.S.C. § 1391(c)(3), but deny that this District is the most convenient forum. DJI China and DJI Europe otherwise deny the allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe do not contest, for purposes of this action only, venue under 28 U.S.C. § 1391(c)(3), but deny that this District is the most convenient forum. DJI China and DJI Europe otherwise deny the allegations in Paragraph 14 of the Complaint.

## ASSERTED PATENTS

15. DJI China and DJI Europe incorporate each of their responses to Paragraphs 1–14 as though fully set forth herein.

16. Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny that the claims of the Asserted Patents are valid and otherwise deny the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe are without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint and, on that basis, deny them.

19. DJI China and DJI Europe admit that the face of the ’766 Patent bears the title “Automatic Multimedia Upload for Publishing Data and Multimedia Content” and an issue date of February 20, 2018. DJI China and DJI Europe admit that Exhibit A to the Complaint on its face purports to be a copy of the ’766 Patent. DJI China and DJI Europe otherwise deny the allegations in Paragraph 19 of the Complaint.

20. DJI China and DJI Europe admit that the face of the ’806 Patent bears the title “Automatic Multimedia Upload for Publishing Data and Multimedia Content” and an issue date of September 24, 2019. DJI China and DJI Europe admit that Exhibit B to the Complaint on its face purports to be a copy of the ’806 Patent. DJI China and DJI Europe otherwise deny the allegations in Paragraph 20 of the Complaint.

21. DJI China and DJI Europe admit that the face of the ’121 Patent bears the title “Automatic Multimedia Upload for Publishing Data and Multimedia Content” and an issue date of January 25, 2022. DJI China and DJI Europe admit that Exhibit C to the Complaint on its face

purports to be a copy of the ’121 Patent. DJI China and DJI Europe otherwise deny the allegations in Paragraph 21 of the Complaint.

22. DJI China and DJI Europe are without knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint and, on that basis, deny them.

23. Paragraph 23 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny that the claims of the Asserted Patents are valid and otherwise deny the allegations in Paragraph 23 of the Complaint.

24. DJI China and DJI Europe deny the allegations in Paragraph 24 of the Complaint.

25. DJI China and DJI Europe are without knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Complaint and, on that basis, deny them.

26. DJI China and DJI Europe are without knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint, including sub-paragraphs (a) through (r), and, on that basis, deny them.

## DJI ACCUSED INSTRUMENTALITIES

27. DJI China and DJI Europe deny that they infringe, and/or induce others to infringe, the asserted patent claims with the “Accused Instrumentalities.” DJI China and DJI Europe admit that Plaintiff has identified as “Accused Instrumentalities” the Osmo Action, Osmo Pocket 2, Osmo Action 3, Osmo Pocket 3, Osmo Action 4, Mini 4 Pro, Air 3, Mavic 3 Pro, Osmo Action 5 Pro, Air 3S, and Mavic 4 Pro, and that the DJI Mimo and DJI Fly mobile applications are available for iOS and Android devices. DJI China and DJI Europe deny that any of these products or applications infringe any valid and enforceable claim of the Asserted Patents and otherwise deny the allegations in Paragraph 27 of the Complaint.

28. DJI China and DJI Europe admit that the DJI Mimo app is a mobile application that may be used with certain handheld devices. DJI China and DJI Europe deny that the DJI Mimo app infringes any valid and enforceable claim of the Asserted Patents, deny Plaintiff's characterization of its functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 28 of the Complaint.

29. DJI China and DJI Europe admit that the DJI Fly app is a mobile application that may be used with certain drone products. DJI China and DJI Europe deny that the DJI Fly app infringes any valid and enforceable claim of the Asserted Patents, deny Plaintiff's characterization of its functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 29 of the Complaint.

30. DJI China and DJI Europe deny the allegations in Paragraph 30 of the Complaint.

31. DJI China and DJI Europe deny that the Osmo Action enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 31 of the Complaint.

32. DJI China and DJI Europe deny that the Osmo Pocket 2 enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 32 of the Complaint.

33. DJI China and DJI Europe deny that the Osmo Action 3 enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 33 of the Complaint.

34. DJI China and DJI Europe deny that the Osmo Pocket 3 enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 34 of the Complaint.

35. DJI China and DJI Europe deny that the Osmo Action 4 enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 35 of the Complaint.

36. DJI China and DJI Europe deny that the Mini 4 Pro enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 36 of the Complaint.

37. DJI China and DJI Europe deny that the Air 3 enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 37 of the Complaint.

38. DJI China and DJI Europe deny that the Mavic 3 Pro enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 38 of the Complaint.

39. DJI China and DJI Europe deny that the Osmo Action 5 Pro enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent

inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 39 of the Complaint.

40. DJI China and DJI Europe deny that the Air 3S enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 40 of the Complaint.

41. DJI China and DJI Europe deny that the Mavic 4 Pro enables any infringing functionality, deny Plaintiff's characterization of its specifications and functionality to the extent inconsistent with published product documentation, and otherwise deny the allegations in Paragraph 41 of the Complaint.

42. DJI China and DJI Europe deny the allegations in Paragraph 42 of the Complaint, and deny that any of the accused products infringe.

43. DJI China and DJI Europe admit that Exhibits D through I to the Complaint on their face purport to be claim charts comparing DJI China and DJI Europe's products to certain claims of the Asserted Patents, but deny that they infringe or have infringed any claim of any Asserted Patent. DJI China and DJI Europe deny that Exhibits D through I demonstrate infringement of any valid and enforceable claim of the Asserted Patents, deny that the charted products are representative of all Accused Instrumentalities, and otherwise deny the allegations in Paragraph 43 of the Complaint.

**COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,900,766**

44. DJI China and DJI Europe incorporate each of their responses to Paragraphs 1–43 as though fully set forth herein.

45. DJI China and DJI Europe deny the allegations in Paragraph 45 of the Complaint.

46. DJI China and DJI Europe deny the allegations in Paragraph 46 of the Complaint.

47. DJI China and DJI Europe deny the allegations in Paragraph 47 of the Complaint.

48. The Complaint does not contain a numbered Paragraph 48. To the extent any allegations in the Complaint are construed as constituting Paragraph 48, DJI China and DJI Europe deny them.

49. The Complaint does not contain a numbered Paragraph 49. To the extent any allegations in the Complaint are construed as constituting Paragraph 49, DJI China and DJI Europe deny them.

50. DJI China and DJI Europe deny the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 53 of the Complaint.

54. DJI China and DJI Europe admit that DJI China received correspondence from Cellspin in August 2026. DJI China and DJI Europe deny that they have infringed or are infringing any valid and enforceable claim of the Asserted Patents, deny that any alleged infringement has been or is willful, and otherwise deny the allegations in Paragraph 54 of the Complaint.

55. DJI China and DJI Europe deny that they require any authority or license from Plaintiff because they do not infringe any valid and enforceable claim of the Asserted Patents, and otherwise deny the allegations in Paragraph 55 of the Complaint.

56. DJI China and DJI Europe deny the allegations in Paragraph 56 of the Complaint and deny that Plaintiff is entitled to enhanced damages or any other relief.

**COUNT II – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,425,806**

57. DJI China and DJI Europe incorporate each of their responses to Paragraphs 1–56 as though fully set forth herein.

58. DJI China and DJI Europe deny the allegations in Paragraph 58 of the Complaint.

59. DJI China and DJI Europe deny the allegations in Paragraph 59 of the Complaint.

60. DJI China and DJI Europe deny the allegations in Paragraph 60 of the Complaint.

61. DJI China and DJI Europe deny the allegations in Paragraph 61 of the Complaint.

62. DJI China and DJI Europe deny the allegations in Paragraph 62 of the Complaint.

63. DJI China and DJI Europe deny the allegations in Paragraph 63 of the Complaint.

64. DJI China and DJI Europe deny the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 67 of the Complaint.

68. DJI China and DJI Europe admit that DJI China received correspondence from Cellspin in August 2026. DJI China and DJI Europe deny that they have infringed or are infringing any valid and enforceable claim of the Asserted Patents, deny that any alleged infringement has been or is willful, and otherwise deny the allegations in Paragraph 68 of the Complaint.

69. DJI China and DJI Europe deny that they require any authority or license from Plaintiff because they do not infringe any valid and enforceable claim of the Asserted Patents, and otherwise deny the allegations in Paragraph 69 of the Complaint.

70. DJI China and DJI Europe deny the allegations in Paragraph 70 of the Complaint and deny that Plaintiff is entitled to enhanced damages or any other relief.

## COUNT III – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 11,234,121

71. DJI China and DJI Europe incorporate each of their responses to Paragraphs 1–70 as though fully set forth herein.

72. DJI China and DJI Europe deny the allegations in Paragraph 72 of the Complaint.

73. DJI China and DJI Europe deny the allegations in Paragraph 73 of the Complaint.

74. DJI China and DJI Europe deny the allegations in Paragraph 74 of the Complaint.

75. DJI China and DJI Europe deny the allegations in Paragraph 75 of the Complaint.

76. DJI China and DJI Europe deny the allegations in Paragraph 76 of the Complaint.

77. DJI China and DJI Europe deny the allegations in Paragraph 77 of the Complaint.

78. DJI China and DJI Europe deny the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 contains legal conclusions to which no answer is required. To the extent an answer is required, DJI China and DJI Europe deny the allegations in Paragraph 81 of the Complaint.

82. DJI China and DJI Europe admit that DJI China received correspondence from Cellspin in August 2026. DJI China and DJI Europe deny that they have infringed or are infringing any valid and enforceable claim of the Asserted Patents, deny that any alleged infringement has been or is willful, and otherwise deny the allegations in Paragraph 82 of the Complaint.

83. DJI China and DJI Europe deny that they require any authority or license from Plaintiff because they do not infringe any valid and enforceable claim of the Asserted Patents, and otherwise deny the allegations in Paragraph 83 of the Complaint.

84. DJI China and DJI Europe deny the allegations in Paragraph 84 of the Complaint and deny that Plaintiff is entitled to enhanced damages or any other relief.

## RESPONSE TO PRAYER FOR RELIEF

85. To the extent a response to Plaintiff's prayer for relief is required, DJI China and DJI Europe deny that Plaintiff is entitled to any of its requested relief. DJI China and DJI Europe specifically deny that they directly and/or indirectly infringed any claim of the Asserted Patents, that Plaintiff is entitled to damages including treble damages for willful infringement and damages

for post-verdict infringement, that Plaintiff is entitled to pre-judgment and post-judgment interest and costs, that Plaintiff is entitled to attorney fees, and/or that Plaintiff is entitled to a permanent injunction.

## RESPONSE TO DEMAND FOR JURY TRIAL

86. To the extent a response to Plaintiff's jury demand is required, DJI China and DJI Europe admit that Plaintiff requests a trial by jury pursuant to Fed. R. Civ. P. 38. DJI China and DJI Europe demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied. DJI China and DJI Europe assert the following defenses in response to the allegations set forth in Cellspin's complaint. DJI China and DJI Europe undertake the burden of proof only as to those defenses deemed affirmative defenses by law. In addition to the defenses described below, DJI China and DJI Europe reserve the right to amend this Answer and these Defenses as additional information is obtained.

## FIRST AFFIRMATIVE DEFENSE

**(Invalidity)**

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

DJI China and DJI Europe have not infringed and will not infringe, directly or indirectly, any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, or under any theory of infringement.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution Estoppel)**

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the Asserted Patents, Cellspin is estopped from claiming a construction of one or more claims of the Asserted Patents that would cause any valid claim thereof to cover or include any accused product.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Cellspin has incurred no damages as a result of the alleged patent infringement, which DJI China and DJI Europe deny.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

Cellspin is not entitled to injunctive relief for its claims because it cannot succeed on the merits of any claim, any alleged injury to Cellspin is neither immediate nor irreparable, Cellspin

has an adequate remedy at law, and the balance of equities and the public interest are not served by the granting of an injunction.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mark)**

Cellspin's claims for relief are barred in whole or in part by its failure to meet the requirements of 35 U.S.C. § 287. Moreover, it is Cellspin's burden to prove marking. Cellspin has not plausibly pleaded or proven marking and is accordingly not entitled to damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

Cellspin is not entitled to enhanced damages pursuant to 35 U.S.C. § 284, because it cannot prove that DJI China and DJI Europe have willfully infringed any valid claim of the Asserted Patents.

**NINTH AFFIRMATIVE DEFENSE**

**(No Exceptional Case)**

Cellspin cannot prove that this is an exceptional case warranting an award of attorney fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**TENTH AFFIRMATIVE DEFENSE**

**(Patent Ownership)**

Cellspin has failed to show that it is the sole owner of all substantial rights in the alleged inventions of the Asserted Patents.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

To the extent that Cellspin lacks all substantive rights to bring suit and to exclude others from practicing the claims of one or more of the Asserted Patents, Cellspin's claims are barred by a lack of standing and the Court lacks subject matter jurisdiction.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Improper Inventorship)**

The claims of the Asserted Patents are invalid due to improper or incorrect inventorship.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

Cellspin's claims are barred in whole or in part under principles of equity, including without limitation, waiver, estoppel, and/or unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Territoriality)**

Plaintiff's claims are barred, in whole or in part, to the extent they are based on acts of DJI China or DJI Europe occurring outside the United States, including the design, manufacture, sale, or distribution of products abroad, which do not constitute infringement under 35 U.S.C. § 271 et seq.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Ensnarement and/or Claim Vitiation)**

Cellspin's claims are barred by the doctrine of ensnarement and/or claim vitiation. Cellspin is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(License/Patent Exhaustion)**

Cellspin's claims for relief are barred or limited to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to DJI China or DJI Europe or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to one or more of the Asserted Patents, and/or under the doctrines of exhaustion, first sale, full compensation, or release.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Reverse Doctrine Of Equivalents)**

No relief is available to Cellspin because, among other things, use of the accused technology is substantially different in principle from the purported inventions described in the Asserted Patents, and Cellspin cannot sustain its burden of proving otherwise, under the reverse doctrine of equivalents.

**RESERVATION OF ADDITIONAL DEFENSES**

DJI China and DJI Europe hereby reserve any and all additional defenses available under Title 35 of the United States Code, or otherwise in law or equity, now existing, or later arising, as may be developed during discovery or supported by subsequent court rulings.

**COUNTERCLAIMS OF DJI CHINA AND DJI EUROPE**

For their Counterclaims, Counterclaim-Plaintiffs DJI China and DJI Europe allege as follows against Counterclaim-Defendant Cellspin:

**PARTIES**

1. DJI China is a company headquartered in Shenzhen, China.

2. DJI Europe is a company headquartered in the Netherlands.

3. Cellspin alleges in its Complaint that it is a corporation with an office and place of business at 2784 Homestead Rd PMB 116, Santa Clara, CA 95051.

## JURISDICTION AND VENUE

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. Without limiting the foregoing, this Court has supplemental jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1367 because they are part of the same case or controversy.

5. By filing its Complaint, Cellspin has consented to the personal jurisdiction of this Court.

6. Based on Cellspin's filing of this action, venue as to these counterclaims is proper under 28 U.S.C. §§ 1391 and 1400(b).

7. An actual controversy has arisen and now exists between DJI China and DJI Europe and Cellspin as to the invalidity and non-infringement of the Asserted Patents.

8. DJI China and DJI Europe deny Cellspin's claims for infringement of the Asserted Patents.

## COUNT I

### (Declaratory Judgment of Invalidity of the '766 Patent)

9. DJI China and DJI Europe incorporate Paragraphs 1-8 herein by reference.

10. Based on Cellspin's filing of the Complaint and at least DJI China and DJI Europe's defenses, an actual controversy has arisen and now exists between the parties as to the validity of claims 1-15 of the '766 Patent (the "'766 Asserted Claims"). For example, Cellspin has served

infringement contentions in this case accusing DJI China and DJI Europe of infringing the ’766 Asserted Claims.

11. Cellspin purports to be the lawful owner by assignment of all rights, title, and interest in the ’766 patent, including the right to sue for patent infringement and damages, including past damages. Cellspin has sued DJI China and DJI Europe in the present action, alleging infringement of the ’766 patent.

12. DJI China and DJI Europe deny that the ’766 Asserted Claims are valid and assert that the ’766 Asserted Claims are invalid for failure to comply with one or more requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq. including, but not limited to §§ 101, 102, 103, and/or 112(a), 112(b), and 112(f).

13. For example, the ’766 Asserted Claims are also invalid as being directed to patent ineligible subject matter under 35 U.S.C. § 101, at least because they are directed to abstract ideas of acquiring, transferring, and publishing data, or capturing and transmitting data from one device to another, without an inventive concept, as set forth in DJI China and DJI Europe’s subject matter eligibility contentions.

14. For example, the ’766 Asserted Claims are invalid under 35 U.S.C. §§ 102-103 in view of, inter alia, the following prior art: U.S. Patent Application Publication No. 2009/0172129 to Singh, U.S. Patent Application Publication No. 2008/0103906 to Singh, U.S. Patent Application Publication No. 2004/0004737 to Kahn, Bluetooth Specification Version 2.1 + EDR, and U.S. Patent Application Publication No. 2007/0073937 to Feinberg. *See also* Reexamination Control No. 90/016,536.

15. An actual and justiciable controversy exists between the parties with respect to the ’766 patent—including specifically the invalidity of the ’766 Asserted Claims, and that controversy is ripe for adjudication.

16. To resolve the legal and factual questions raised by Cellspin and to afford relief from the uncertainty and controversy that Cellspin’s accusations have caused, DJI China and DJI Europe are entitled to a declaratory judgment under 28 U.S.C. § 2201 et seq. that the ’766 Asserted Claims are invalid.

**COUNT II**

**(Declaratory Judgment of Invalidity of the ’806 Patent)**

17. DJI China and DJI Europe incorporate Paragraphs 1-8 herein by reference.

18. Based on Cellspin’s filing of the Complaint and at least DJI China and DJI Europe’s defenses, an actual controversy has arisen and now exists between the parties as to the validity of claims 1-13 of the ’806 Patent (the “’806 Asserted Claims”). For example, Cellspin has served infringement contentions in this case accusing DJI China and DJI Europe of infringing the ’806 Asserted Claims.

19. Cellspin purports to be the lawful owner by assignment of all rights, title, and interest in the ’806 patent, including the right to sue for patent infringement and damages, including past damages. Cellspin has sued DJI China and DJI Europe in the present action, alleging infringement of the ’806 patent.

20. DJI China and DJI Europe deny that the ’806 Asserted Claims are valid and assert that the ’806 Asserted Claims are invalid for failure to comply with one or more requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq. including, but not limited to §§ 101, 102, 103, and/or 112(a), 112(b), and 112(f).

21. For example, the ’806 Asserted Claims are also invalid as being directed to patent ineligible subject matter under 35 U.S.C. § 101, at least because they are directed to abstract ideas of acquiring, transferring, and publishing data, or capturing and transmitting data from one device to another, without an inventive concept, as set forth in DJI China and DJI Europe’s subject matter eligibility contentions.

22. For example, the ’806 Asserted Claims are invalid under 35 U.S.C. §§ 102-103 in view of, inter alia, the following prior art: JP Patent Application Publication No. 2003-60953 to Hiroishi, JP Patent Application Publication No. 2005-303511 to Takahashi, U.S. Patent No. 6,763,247 to Hollstrom, JP Patent Application Publication No. 2004-96166 to Nozaki, JP Patent Application Publication No. 2003-46841 to Ando, JP Patent Application Publication No. 2003-299014 to Onishi, JP Patent Application Publication No. 2004-102810 to Hiraishi, U.S. Patent No. 9,258,698, and JP Patent Application Publication No. 2003-51772 to Mashita. *See also* Reexamination Control No. 90/016,071.

23. An actual and justiciable controversy exists between the parties with respect to the ’806 patent—including specifically the invalidity of the ’806 Asserted Claims, and that controversy is ripe for adjudication.

24. To resolve the legal and factual questions raised by Cellspin and to afford relief from the uncertainty and controversy that Cellspin’s accusations have caused, DJI China and DJI Europe are entitled to a declaratory judgment under 28 U.S.C. § 2201 et seq. that the ’806 Asserted Claims are invalid.

## COUNT III

### (Declaratory Judgment of Invalidity of the ’121 Patent)

25. DJI China and DJI Europe incorporate Paragraphs 1-8 herein by reference.

26. Based on Cellspin's filing of the Complaint and at least DJI China and DJI Europe's defenses, an actual controversy has arisen and now exists between the parties as to the validity of claims 1-10 of the '121 Patent (the "'121 Asserted Claims"). For example, Cellspin has served infringement contentions in this case accusing DJI China and DJI Europe of infringing the '121 Asserted Claims.

27. Cellspin purports to be the lawful owner by assignment of all rights, title, and interest in the '121 patent, including the right to sue for patent infringement and damages, including past damages. Cellspin has sued DJI China and DJI Europe in the present action, alleging infringement of the '121 patent.

28. DJI China and DJI Europe deny that the '121 Asserted Claims are valid and assert that the '121 Asserted Claims are invalid for failure to comply with one or more requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq. including, but not limited to §§ 101, 102, 103, and/or 112(a), 112(b), and 112(f).

29. For example, the '121 Asserted Claims are also invalid as being directed to patent ineligible subject matter under 35 U.S.C. § 101, at least because they are directed to abstract ideas of acquiring, transferring, and publishing data, or capturing and transmitting data from one device to another, without an inventive concept, as set forth in DJI China and DJI Europe's subject matter eligibility contentions.

30. For example, the '121 Asserted Claims are invalid under 35 U.S.C. §§ 102-103 in view of, inter alia, the following prior art: JP Patent Application Publication No. 2003-60953 to Hiroishi, U.S. Patent Application Publication No. 2009/0172129 to Singh, U.S. Patent Application Publication No. 2008/0103906 to Singh, U.S. Patent Application Publication No. 2004/0004737

to Kahn, and Bluetooth Specification Version 2.1 + EDR. *See also* Reexamination Control No. 90/016,537.

31. An actual and justiciable controversy exists between the parties with respect to the '121 patent—including specifically the invalidity of the '121 Asserted Claims, and that controversy is ripe for adjudication.

32. To resolve the legal and factual questions raised by Cellspin and to afford relief from the uncertainty and controversy that Cellspin's accusations have caused, DJI China and DJI Europe are entitled to a declaratory judgment under 28 U.S.C. § 2201 et seq. that the '121 Asserted Claims are invalid.

**COUNT IV**

**(Declaratory Judgment of Non-Infringement of the '766 Patent)**

33. DJI China and DJI Europe incorporate Paragraphs 1-8 herein by reference.

34. Based on Cellspin's filing of this action and at least DJI China and DJI Europe's affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether DJI China and DJI Europe infringe United States Patent No. 9,900,766 (the "'766 Patent"). For example, Cellspin has served infringement contentions in this case accusing DJI China and DJI Europe of infringing the claims of the '766 Patent.

35. DJI China and DJI Europe do not infringe and have not infringed—either directly, contributorily, or by inducement—any valid and enforceable claim of the '766 patent, either literally or under the doctrine of equivalents.

36. An actual and justiciable controversy exists between the parties with respect to the '766 patent—including specifically the non-infringement of the '766 patent claims, and that controversy is ripe for adjudication.

37. For example, DJI China and DJI Europe do not infringe apparatus claim 1 at least because the accused products do not comprise a "processor configured to acquire new-data in the short-range wireless enabled data capture device using the data capture circuitry, wherein the new-data is data acquired after establishing the short-range paired wireless connection between the short-range wireless enabled data capture device and the short-range wireless enabled cellular phone," the "processor further configured to create a new-data object, wherein the new-data object comprises: signal to notify, wherein the signal to notify corresponds to the acquiring of the new-data for transfer to the cryptographically authenticated short-range wireless enabled cellular phone; the acquired new-data; and associated new-data, wherein the associated new-data corresponds to data associated with the new-data," the "processor further configured to transfer automatically the new-data object to the cryptographically authenticated short-range wireless enabled cellular phone, over the established short-range paired wireless connection," and "wherein the cryptographically authenticated short-range wireless enabled cellular phone is configured to listen to the signal to notify and receive the new-data object over the established short-range paired wireless connection, wherein a mobile client application for the cryptographically authenticated short-range wireless enabled cellular phone is configured to process the signal to notify and store the received new-data in a memory device of the cryptographically authenticated short-range wireless enabled cellular phone," along with the other limitations.

38. To resolve the legal and factual questions raised by Cellspin and to afford relief from the uncertainty and controversy that Cellspin's accusations have caused, DJI China and DJI Europe are entitled to a declaratory judgment under 28 U.S.C. § 2201 et seq. that they do not infringe and have not infringed any claim of the '766 patent.

## COUNT V

**(Declaratory Judgment of Non-Infringement of the ’806 Patent)**

39. DJI China and DJI Europe incorporate Paragraphs 1-8 herein by reference.

40. Based on Cellspin’s filing of this action and at least DJI China and DJI Europe’s affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether DJI China and DJI Europe infringe United States Patent No. 10,425,806 (the “’806 Patent”). For example, Cellspin has served infringement contentions in this case accusing DJI China and DJI Europe of infringing the claims of the ’806 Patent.

41. DJI China and DJI Europe do not infringe and have not infringed—either directly, contributorily, or by inducement—any valid and enforceable claim of the ’806 patent, either literally or under the doctrine of equivalents.

42. An actual and justiciable controversy exists between the parties with respect to the ’806 patent—including specifically the non-infringement of the ’806 patent claims, and that controversy is ripe for adjudication.

43. For example, DJI China and DJI Europe do not infringe the method claim 1 at least because the accused products do not “perform[] in the digital camera device: … acquiring new-media, wherein the new-media comprises one or more of video data and image data, and wherein the new-media is acquired after establishing the short-range paired wireless connection between the digital camera device and the cellular phone,” “storing the created new-media file in a memory of the digital camera device, wherein the established short-range paired wireless connection between the digital camera device and the cellular phone remains paired after storing the created new-media file,” “receiving a data transfer request initiated by a mobile software application on the cryptographically authenticated cellular phone, over the established short-range paired wireless

connection, wherein the data transfer request is for the new-media file, and wherein the new-media file was created in the digital camera device before receiving the data transfer request," and "wherein the established short-range paired wireless connection between the digital camera device and the cellular phone remains paired after storing the received new-media file," along with the other limitations.

44. To resolve the legal and factual questions raised by Cellspin and to afford relief from the uncertainty and controversy that Cellspin's accusations have caused, DJI China and DJI Europe are entitled to a declaratory judgment under 28 U.S.C. § 2201 et seq. that they do not infringe and have not infringed any claim of the '806 patent.

**COUNT VI**

**(Declaratory Judgment of Non-Infringement of the '121 Patent)**

45. DJI China and DJI Europe incorporate Paragraphs 1-8 herein by reference.

46. Based on Cellspin's filing of this action and at least DJI China and DJI Europe's affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether DJI China and DJI Europe infringe United States Patent No. 11,234,121 (the "'121 Patent"). For example, Cellspin has served infringement contentions in this case accusing DJI China and DJI Europe of infringing the claims of the '121 Patent.

47. DJI China and DJI Europe do not infringe and have not infringed—either directly, contributorily, or by inducement—any valid and enforceable claim of the '121 patent, either literally or under the doctrine of equivalents.

48. An actual and justiciable controversy exists between the parties with respect to the '121 patent—including specifically the non-infringement of the '121 patent claims, and that controversy is ripe for adjudication.

49. For example, DJI China and DJI Europe do not infringe apparatus claim 1 at least because the accused products do not comprise "said processor configured to acquire new-data in the short-range wireless enabled data capture device using the data capture circuitry, wherein the new-data is data acquired after establishing the short-range paired wireless connection between the short-range wireless enabled data capture device and the short-range wireless enabled cellular phone," "said processor further configured to send an event notification and the acquired new-data to the cryptographically authenticated short-range wireless enabled cellular phone over the established short-range paired wireless connection automatically, wherein the event notification corresponds to the acquired new-data and comprises sending a signal to the cryptographically authenticated short-range wireless enabled cellular phone, wherein the cryptographically authenticated short-range wireless enabled cellular phone is configured to listen to the event notification and receive the new-data over the established short-range paired wireless connection," or "wherein the upload is based on a timer setting on the single mobile client application, wherein the timer setting is no wait automatic or wait X minutes automatic," along with the other limitations.

50. To resolve the legal and factual questions raised by Cellspin and to afford relief from the uncertainty and controversy that Cellspin's accusations have caused, DJI China and DJI Europe are entitled to a declaratory judgment under 28 U.S.C. § 2201 et seq. that they do not infringe and have not infringed any claim of the '121 patent.

## **JURY DEMAND**

DJI China and DJI Europe demand a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, DJI China and DJI Europe request the following relief:

A. that the Court find and declare that each claim of the ’766 patent is invalid, without any force or effect against any of DJI China and DJI Europe and their officers, employees, agents and attorneys;

B. that the Court find and declare that each claim of the ’806 patent is invalid, without any force or effect against any of DJI China and DJI Europe and their officers, employees, agents and attorneys;

C. that the Court find and declare that each claim of the ’121 patent is invalid, without any force or effect against any of DJI China and DJI Europe and their officers, employees, agents and attorneys;

D. that the Court find and declare that DJI China and DJI Europe do not infringe and have not infringed any claim of the ’766 patent;

E. that the Court find and declare that DJI China and DJI Europe do not infringe and have not infringed any claim of the ’806 patent;

F. that the Court find and declare that DJI China and DJI Europe do not infringe and have not infringed any claim of the ’121 patent;

G. that Cellspin takes nothing by its Complaint, that final judgment be entered in favor of DJI China and DJI Europe, and that all relief requested by Cellspin be denied with prejudice;

H. that the Court find and declare that this is an exceptional case under 35 U.S.C. § 285 and that DJI China and DJI Europe be awarded all of their costs, expenses, and attorneys’ fees, together with pre-judgment and post-judgment interest; and

I. that the Court grant DJI China and DJI Europe such other and additional relief, in law or in equity, as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants and Counterclaimants SZ DJI Technology Co., Ltd. and DJI Europe B.V. demand a trial by jury on all issues triable as of right to a jury.

Dated: October 14, 2026

Respectfully submitted,

*/s/ Melissa R. Smith*

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, Texas 75760
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Clement Naples
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2516
Facsimile: (212) 225-3999
Email: cnaples@cgsh.com

Thomas W. Yeh
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4400
Facsimile: (415) 796-4499
Email: tyeh@cgsh.com

Steven Peters
Jasmine Zhu
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 974-1500
Facsimile: (202) 974-1999

Email: speters@cgsh.com
Email: jazhu@cgsh.com

*Counsel for Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document and all declarations, exhibits, and proposed orders thereto have been served on Plaintiff's counsel of record via the Court's CM/ECF system on October 14, 2026.

*/s/ Melissa R. Smith*
Melissa R. Smith