[redacted]

[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V.,<br><br>Defendants. | Case No. 2:25-CV-00949-JRG-RSP |

**DEFENDANTS SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V.'S OPPOSITION TO PLAINTIFF CELLSPIN SOFT, INC.'S SECOND MOTION TO COMPEL**

[redacted]

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 1

III. LEGAL STANDARD ........ 2

IV. ARGUMENT ........ 3

A. DJI China and DJI Europe have produced, and are producing, the relevant non-technical documents. ........ 3

B. Cellspin has not shown that any category beyond what DJI China and DJI Europe agreed to produce is relevant and proportional. ........ 4

C. Cellspin's remaining demands have no basis in the Rules. ........ 6

V. CONCLUSION ........ 7

[redacted]

## I. INTRODUCTION

This is a patent case about drones and cameras that transfer data wirelessly. Defendants SZ DJI Technology Co., Ltd. ("DJI China") and DJI Europe B.V. ("DJI Europe") have produced or agreed to produce the discovery this case calls for. They have already produced more than 30,000 pages, including license agreements relating to drones and cameras, FCC authorization records, marketing materials, and extensive technical documentation and source code for the accused products. And they have agreed to produce documents sufficient to show their U.S. sales and revenues, U.S. importation and distribution of the accused products, U.S. operations, and marketing and customer-survey materials for the accused features. Cellspin identifies no deficiency in any of that. Instead, it asks the Court to compel production on 134 "non-technical" categories. Dkt. 36 ("Mot.") at 6. Yet Cellspin, which bears the burden, never explains why any category is relevant. The motion should be denied.

## II. FACTUAL BACKGROUND

To date, DJI China and DJI Europe have produced thousands of documents totaling more than 30,000 pages. Production is ongoing and on track for substantial completion by the Court's January 11, 2027 deadline. Dkt. 16. Fact discovery does not close for nearly six months. *Id.*

On July 17, 2026, Cellspin sent a "Discovery Deficiency Letter" listing 134 numbered categories in 28 subject groups. DJI China and DJI Europe investigated each one and, on August 31, 2026, served a 34-page response addressing each category—stating their objections, what they would produce after a reasonably diligent search, and, where applicable, that no relevant, responsive, non-privileged documents had been located. Ex. A ("Aug. 31 Ltr.").

Specifically, DJI China and DJI Europe agreed to produce documents sufficient to show their U.S. sales and revenues during the relevant timeframe (Request Nos. 1, 2, 45, 71, 134); their role in U.S. sales, importation, and distribution (Request Nos. 4, 5), including DJI Europe's role

[redacted]

as to accused products in or for the United States (Request No. 89); their U.S. distribution channels (Request No. 6); authorized U.S. resellers and distributors (Request Nos. 3, 7, 129–131); U.S. importation (Request No. 8); U.S. inventory, warehousing, fulfillment, and distribution (Request No. 9); U.S. operations (Request No. 86); U.S. marketing materials and customer surveys, including materials reflecting customer demand for and marketing emphasis of the accused wireless-transfer features (Request Nos. 46, 47); FCC documentation (Request No. 69); and economically and technically comparable licenses (Request Nos. 41–44, 48, 105, 132). *Id.* They further agreed to produce relevant, responsive, non-privileged documents located after a reasonably diligent search concerning the factual bases for their statements regarding prejudice from delay (Request No. 62) and their non-privileged investigation of, and contentions regarding, Cellspin's ownership, standing, and chain of title and the invalidity, unenforceability, and non-infringement of the Asserted Patents (Request Nos. 77–82). *Id.*

At the September 1 meet and confer, DJI China and DJI Europe explained that they had produced substantial documents, would keep producing, and expected their next production within two weeks. Cellspin raised no specific objection, yet on September 25 filed this motion on all 134 categories—including categories already produced or forthcoming.

Since then, DJI China and DJI Europe have made two substantial productions, including license agreements and FCC certification and testing documents for the accused products. They will produce their U.S. sales, revenue, and importation data promptly, well before the Court's January 11, 2027 substantial-completion deadline, and will continue producing relevant documents under the procedural schedule. And they remain willing to meet and confer.

## III. LEGAL STANDARD

A party may obtain discovery only of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering "whether the burden or

[redacted]

expense … outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court "must limit" discovery that "is unreasonably cumulative or duplicative," that "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The movant bears the initial burden of showing that the discovery it seeks is relevant to a claim or defense. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Only then does the burden shift to the responding party to show that the discovery is irrelevant, overly broad, or unduly burdensome. *See SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010).

## IV. ARGUMENT

### A. DJI China and DJI Europe have produced, and are producing, the relevant non-technical documents.

The motion fails at the outset. DJI China and DJI Europe have produced, and are producing, the relevant non-privileged documents that Cellspin's categories legitimately reach.

They have produced every relevant license located to date, including with [redacted] (DJI_00017181), [redacted] (DJI_00017235), [redacted] (DJI_00022762), [redacted] (DJI_00030663), and [redacted] (DJI_00027827), and FCC equipment authorization grants for the accused products, including the DJI Air 3S (DJI_00020083), Mavic 3 Pro (DJI_00025779), Mini 4 Pro (DJI_00025781), and Osmo Action 4 (DJI_00024038). They are also producing U.S. sales, revenue, importation, and distribution documents, and have agreed to identify custodians for each accused product—though Cellspin has served no interrogatory, the more appropriate mechanism, seeking that information.

DJI China and DJI Europe have also produced extensive technical documentation, much of which overlaps Cellspin's "non-technical" requests, including product requirements and design specifications (DJI_00011639–DJI_00011641) and software release records (DJI_00014971–

[redacted]

DJI_00014975). They have also produced documents on the application-ecosystem, third-party-integration, and channel-specific topics in the July 17 letter, including documentation of DJI Fly's album-sharing features and channels (DJI_00011178–DJI_00011182), project-tracking materials (DJI_00028084), and live-streaming specifications (DJI_00011538).

Cellspin's motion does not cite a single Bates number, identify a single missing document, or explain why any position in the August 31 letter is wrong.

### B. Cellspin has not shown that any category beyond what DJI China and DJI Europe agreed to produce is relevant and proportional.

Cellspin bears the initial burden of showing relevance. *Knight*, 241 F.R.D. at 263. The motion does not try to carry that burden for any category beyond those DJI China and DJI Europe have already agreed to produce. Cellspin says its 28 subject groups "serve different functions." Mot. at 4. But a list of topics is not a showing of relevance, and Cellspin never explains how any category bears on a claim or defense, much less why it is proportional to the needs of the case.

The sweep of the categories makes the omission more glaring. Many demand "any" or "all" documents on a subject, without limit as to time, product, or connection to the accused functionality. Request No. 19 seeks documents concerning "any U.S. government restriction, listing, designation, authorization denial, import restriction, customs restriction, product authorization issue, or regulatory barrier" affecting DJI's U.S. business. Request No. 61 seeks documents concerning "any public or private statements by DJI" on nine separate subjects. Request No. 93 seeks the identity of "all cloud hosting, cloud storage, content-delivery, backend, or infrastructure providers" used in connection with accused products, DJI applications, DJI cloud services, or related user-account services "in the United States, Europe, or China." July 17 Ltr. Nos. 19, 61, 93. Yet Cellspin asks the Court to compel production on every one of the 134 categories "without limiting production to selected subject groups." Mot. at 6.

[redacted]

The motion offers a category-specific relevance argument only once: for Request Nos. 108–115, which concern Anzu Robotics. It fails. Cellspin contends that those requests are relevant because, "[i]n DA 26-832, released August 10, 2026, the FCC stated that public sources suggest Anzu devices are produced under a technology-sharing or licensing agreement with an entity named in FY2025 NDAA § 1709 and sought comment on restricting continued importation and marketing of specified Anzu equipment." Mot. at 5. But Anzu is not a party, and none of its products is accused of infringement. And Cellspin concedes that "[t]he FCC has not determined that DJI controls Anzu." *Id.*

Even so, Cellspin demands nearly everything about the relationship. It seeks all "[d]ocuments and communications concerning any licensing, technology-transfer, manufacturing, supply, distribution, commercialization, software-support, cloud-support, component-supply, branding, marketing, regulatory, or business relationship" with Anzu (Request No. 108); every form of "compensation paid, received, accrued, or exchanged" with Anzu (Request No. 109); "all DJI technology, intellectual property, specifications, hardware designs, SDKs, firmware, software" and more ever provided to Anzu (Request No. 110); whether DJI China or DJI Europe can "obtain documents concerning Anzu Robotics products, software, . . . customer data, sales, customers, revenues" (Request No. 115); and whether Anzu was "used as a means of . . . continuing U.S. business despite FCC Covered List restrictions" (Request No. 113). None of that bears on infringement, validity, or damages for the accused products—for which DJI China and DJI Europe are already producing U.S. sales, U.S. revenue, and technical documents. The Anzu categories are neither relevant nor "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The remaining categories, for which Cellspin offers no argument at all, are irrelevant on their face. Some concern geopolitics and regulation: purported "connection[s] between DJI and

[redacted]

any Chinese governmental entity, . . . Chinese Communist Party organization, or other foreign-government-controlled entity" (Request No. 85); "lobbying, public-relations, regulatory, legislative, or government-affairs efforts" (Request No. 87); and the Ninth Circuit challenge to the FCC Covered List (Request No. 12). Some seek judgment-collection discovery before there is any judgment: "bank accounts" and "other sources from which a U.S. judgment could be satisfied" (Request No. 58), and "investors, financing sources, . . . [and] lenders" (Request No. 88). Still others concern DJI China and DJI Europe's Texas contacts (Request Nos. 103, 104), which go to jurisdictional and venue discovery. Again, none bear on infringement, validity, or damages, and many call for privileged material. Aug. 31 Ltr. at 4, 16, 22–23, 26–27.[1]

### C. Cellspin's remaining demands have no basis in the Rules.

**Category-by-category response.** Cellspin asks the Court to order a written response within seven days "addressing each July 17 deficiency, Nos. 1–134." Mot. at 5–6. DJI China and DJI Europe already served one. The Discovery Order requires a party responding to a deficiency statement to identify "the requested items that will be disclosed" and "the reasons why any requested items will not be disclosed." Dkt. 22 ¶ 9(a). The August 31 letter does exactly that for all 134 requests. *E.g.*, Aug. 31 Ltr. at 1–4, 9–12, 15–16. Cellspin identifies nothing in it as inadequate.

---

[1] Even if Texas activity bore on the merits, the Texas requests would be improper. DJI China and DJI Europe have agreed to produce documents sufficient to show their U.S. operations, Aug. 31 Ltr. at 22-23 (Request No. 86), which reaches any U.S. activity involving the accused products. Request Nos. 103 and 104 add breadth, not relevance: they seek the identity of every person "acting on behalf of DJI in Texas" and every "demonstration[], training event[], trade show[], customer event[], field testing, pilot program[], or commercial activit[y]" there since January 1, 2022, without limitation to the accused products or functionality. July 17 Ltr. Nos. 103–104. DJI China and DJI Europe objected on that basis and noted that Request No. 104 is cumulative of Request Nos. 86 and 103. Aug. 31 Ltr. at 26–27. Rule 26(b)(2)(C)(i) directs the Court to limit precisely such overbroad, cumulative discovery.

[redacted]

**Bates-range accounting.** Cellspin asks the Court to require DJI China and DJI Europe to identify, for each of 134 categories, the "responsive Bates ranges already produced." Mot. at 5. Neither the Rules nor the Discovery Order requires that. Even in response to formal Rule 34 requests, a producing party may produce documents "as they are kept in the usual course of business" rather than organizing them by request. Fed. R. Civ. P. 34(b)(2)(E)(i). A deficiency letter that Cellspin concedes was not a set of Rule 34 requests, Mot. at 2, cannot impose a greater obligation than Rule 34 itself. And paragraph 9(a) of the Discovery Order requires a party to identify "the requested items that will be disclosed," Dkt. 22 ¶ 9(a)—not to index them by Bates number. Building such an index for 134 overlapping categories would impose a real burden for no purpose that Cellspin's own review of the productions cannot serve.

**Privilege and other limitations.** DJI China and DJI Europe will serve a privilege log complying with Rule 26(b)(5)(A) for any documents withheld as privileged, and the August 31 letter already identifies, request by request, any privilege, export-control, foreign-law, or protective-order limitations. *See, e.g.*, Aug. 31 Ltr. at 6, 12, 14. No further relief is warranted.

**Expenses and fees.** Cellspin offers no basis or authority for expenses or fees. DJI China and DJI Europe have produced relevant documents in good faith, well ahead of the deadlines; their objections are substantially justified; and an award would be unjust where they served a 34-page, category-by-category response and Cellspin moved without identifying any specific objection. If anything, Rule 37(a)(5)(B) points toward an award to DJI China and DJI Europe.

## V. CONCLUSION

The Court should deny Cellspin's Second Motion to Compel (Dkt. 36).

Dated: October 13, 2026

Respectfully submitted,

GILLAM & SMITH LLP

*/s/ Melissa R. Smith*

Melissa R. Smith
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Clement Naples
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
cnaples@cgsh.com
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

Thomas W. Yeh
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108
tyeh@cgsh.com
Telephone: (415) 796-4400
Facsimile: (415) 796-4499

Steven Peters
Jasmine Zhu
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, N.W.
Washington, DC 20037
speters@cgsh.com
jazhu@cgsh.com
Telephone: (202) 974-1500
Facsimile: (202) 974-1999

*Counsel for Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V.*

[redacted]

[redacted]

[redacted]

[redacted]

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 13, 2026.

*/s/ Melissa R. Smith*
Melissa R. Smith